NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM A. DOUCETTE, Jr., | No.    20-56164 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-08539-VAP-JDE |
| v. | |
| CIM GROUP, L.P., a California Limited Partnership; THEATREDREAMS LA CHI, L.P.; CHRIS LATSCH, an individual; RUSSEL COURT ENTERTAINMENT, LLC; NEW CAPS, LLC; DOES, 3 to 10, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted May 17, 2022**

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

William A. Doucette, Jr., appeals pro se from the district court's judgment

dismissing his employment action.  We have jurisdiction under 28 U.S.C. § 1291.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo. *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (judgment on the pleadings); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (denial of a motion to remand). We may affirm on any ground supported by the record. *United States v. Charette*, 893 F.3d 1169, 1175 n.4 (9th Cir. 2018). We affirm in part, vacate in part, and remand.

The district court properly dismissed Doucette's breach of contract claim because it is time-barred. *See* 29 U.S.C. § 160(b); *United Steelworkers of Am. v. Ret. Income Plan for Hourly-Rated Emps. of ASARCO, Inc.*, 512 F.3d 555, 561 (9th Cir. 2008) ("We have imposed a six-month statute of limitations for claims under section 301 of the LMRA.").

The district court properly dismissed Doucette's claim for age discrimination under California Labor Code § 98.6 because that statute does not redress age discrimination. *See Moreno v. UtiliQuest, LLC*, 29 F.4th 567, 575 (9th Cir. 2022) (listing the elements of a § 98.6 claim).

Dismissal of Doucette's claim for retaliation under California Labor Code § 98.6 was proper because Doucette failed to allege facts sufficient to show that he exhausted his administrative remedies as required by California Labor Code § 2699.3. *See Williams v. Superior Court*, 398 P.3d 69, 79 (Cal. 2017) ("As a condition of suit, an aggrieved employee . . . must provide notice to the employer and the responsible state agency . . . .").

20-56164

The district court properly dismissed Doucette's claim under California's Unruh Act because that Act is inapplicable to employment suits. *See Alcorn v. Anbro Eng'g, Inc.*, 468 P.2d 216, 219-20 (Cal. 1970).

The district court properly dismissed the claims against defendant New Caps, LLC. *See Garamendi v. Henin*, 683 F.3d 1069, 1082-83 (9th Cir. 2012) ("[I]t would be 'incongruous and unfair' to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant 'in the same action.'" (quoting *Neilson v. Chang*, 253 F.3d 520, 532-33 (9th Cir. 2001)).

The district court did not abuse its discretion by denying Doucette's post-judgment Fed. R. Civ. P. 60(b) motion because Doucette failed to establish any grounds for relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and factors for relief from judgment under Rule 60(b)).

The district court did not abuse its discretion by dismissing Doucette's complaint without leave to amend, other than the claims under the Age Discrimination in Employment Act ("ADEA") and Fair Employment and Housing Act ("FEHA"), because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper

when amendment would be futile).

The district court concluded that the ADEA and FEHA claims would necessarily be time-barred as against TheatreDreams LP. However, the district court did not consider whether the requirements of Fed. R. Civ. P. 15(c), governing relation back, have been met. As the statute of limitations was the sole reason the district court concluded amendment would be futile as to these claims, we vacate the judgment as to these claims only and remand for the district court to reconsider whether leave to amend would be appropriate.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The parties will bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

20-56164